IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50537
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE ANTONIO GARCIA,
also known as Pepe,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-96-CR-23-1
- - - - - - - - - -
March 21, 1997
Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jose Antonio Garcia pleaded guilty to possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). Based on information contained in the presentence report (PSR), the district court imposed a two-level enhancement to Garcia's base offense level for his leadership role in the offense.

This court reviews such enhancements for clear error.

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995).  There

must be an adequate evidentiary basis for the court's fact

findings at the sentencing hearing.  United States v. Rodriquez,

897 F.2d 1324, 1327-28 (5th Cir.), cert. denied, 498 U.S. 857

(1990).

The PSR detailed Garcia's distribution activity with Cortez.

In specific relation to Garcia's leadership role, the PSR stated,

"[a]ccording to the case agents, Garcia appeared to control most

of the negotiations, as well as the actions of Cortez, who was

described as Garcia's personal driver/bodyguard."  The PSR went

on to say that Cortez had been introduced as the driver for the

transaction and that Cortez "rarely participated" in the

conversations regarding the drug transaction.  This is more than

a mere conclusional statement on the part of the agents.  The

case agents' assessment that "Garcia appeared" to lead the

enterprise based on specific facts, recited in the PSR, was

sufficient to establish the factual predicate justifying the

adjustment by a preponderance of the evidence.  See United States

v. Elwood, 999 F.2d 814, 817 (5th Cir. 1993).

AFFIRMED.